BURSTEIN & SUSSMAN *v.* UNITED STATES (No. 2597)[1]

COURT RULES—BRIEFS.

The court has inherent power to prescribe that briefs shall be filed as a condition precedent to the hearing of an appeal and may even dismiss an appeal for lack of prosecution in case briefs are not filed. If the amount involved makes the *printing* of briefs unduly burdensome, or, if appellant desires to submit on the record, application should be made to the court for an appropriate order.

United States Court of Customs, May 1, 1926

APPEAL from Board of United States General Appraisers, G. A. 8961, T. D. 40771

[MOTION to dismiss for want of prosecution]

[Denied.]

*Charles D. Lawrence*, Assistant Attorney General, for the motion.
*Brooks & Brooks contra.*

---

[1] T. D. 41580.

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

In this case the printed record on appeal was filed on July 17, 1925, and on December 17, 1925, the appellants applied to the Presiding Judge for an extension of the time allowed for the filing of their brief on appeal. The Presiding Judge refused to extend the time, and the Government now moves to dismiss the appeal on the ground that no briefs were filed and that there was a failure on the part of the appellants to prosecute their appeal.

The court has the inherent power to prescribe that briefs shall be filed as a condition precedent to the hearing of an appeal, and may even dismiss an appeal for lack of prosecution in case briefs are not filed. The court has always been sparing, however, in the exercise of such powers and has been loath to deny a hearing to an appellant or deprive him of his appeal. That policy was not inspired by the belief that briefs might be dispensed with at the option of the appellant or that his failure to file them would not be regarded as a want of diligence in prosecuting his appeal. The court was lenient because in many cases the amount involved did not justify the filing of briefs, and because from 1914 to 1918 there was a substantial decrease in customs litigation which permitted that course without injury to the Government or to the importers. The court, therefore, not infrequently allowed counsel to submit their appeals on the record or on such oral argument as they might desire to present. That practice and the disposition of the court during the World War to decide an appeal on the merits instead of dismissing it for lack of prosecution quite naturally bred the impression that failure to file briefs as prescribed by the rules would not be taken seriously.

Due to the increase in importations during the last few years and a radical change in tariff and administrative customs laws, the court must hereafter insist on compliance with its rules in order that appeals may be promptly disposed of and damage to the public and litigants avoided. If the amount involved makes the printing of briefs unduly burdensome or if appellant desires to submit on the record, an order permitting the filing of typewritten briefs or submission on the record should be procured from the court.

As the bar has not heretofore been formally warned that changed conditions require exact compliance with the court's rules for filing briefs, the motion to dismiss the appeal in this case is *denied,* and appellant allowed 10 days in which to file brief.